IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : Chapter 13 |
| THOMAS F. MCMONAGLE, III, | : |
| | : Bankruptcy No.: 18-16574 (MDC) |
| Debtor. | : |

**SETTLEMENT STIPULATION RESOLVING OBJECTION OF PRUDENTIAL BANK
TO CONFIRMATION OF DEBTOR'S AMENDED CHAPTER 13 PLAN**

THIS SETTLEMENT STIPULATION (the "Settlement") is made as of the _____ day of November, 2019, by and between Prudential Bank f/k/a Polonia Bank ("Prudential") and Thomas F. McMonagle, III (the "Debtor"):

WHEREAS, on or about October 2, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"); and

WHEREAS, on or about June 19, 2003, in consideration of her indebtedness to Polonia Bank, Donna McMonagle, the Debtor's mother, made, executed, and delivered a Promissory Note in the principal amount of $60,000.00 (the "Note"); and

WHEREAS, on or about June 19, 2003, Donna McMonagle made, executed, and delivered a Mortgage (the "Mortgage" or in connection with the Note and all other documents executed in connection with the Note, the "Loan Documents") upon the real property located at 2819 Edgemont Street, Philadelphia, PA 19134 (the "Property") and the Mortgage was duly recorded in the City of Philadelphia Records Department on July 7, 2003 as Document Number 50705712 ; and

WHEREAS, Donna McMonagle passed away on November 3, 2008, leaving a Last Will

4821-7015-6461

and Testament in which she devised her interest in the Property to the Debtor; and

WHEREAS, on April 12, 2018, the Philadelphia Register of Wills granted Letters Testamentary to the Debtor as Executor of the Estate of Donna McMonagle; and

WHEREAS, the Debtor, as Administrator of the Estate of Donna McMonagle, Deceased, executed a quit claim deed to the Property transferring title to the Property to himself in fee, which was duly recorded in the City of Philadelphia Records Department on or about April 18, 2018 as Document Number 53352870; and

WHEREAS, a default occurred under the terms of the Note and Mortgage for failure to make payments as they became due and owing, beginning with the payment due January 1, 2017, and continuing thereafter; and

WHEREAS, Prudential filed a Complaint in Mortgage Foreclosure on or about October 12, 2017 in the Court of Common Pleas of Philadelphia County under docket number 171001474 naming the Debtor and Keith McMonagle as defendants solely in their capacity as heirs of Donna McMonagle, Deceased; and

WHEREAS, default judgment was entered in favor of Prudential on August 13, 2018 with damages assessed in the amount of $50,061.55; and

WHEREAS, a Sheriff's sale of the Property was scheduled for November 6, 2018; however, the sale was stayed due to the Debtor's Chapter 13 bankruptcy filing; and

WHEREAS, in his bankruptcy schedules, the Debtor lists the Property as an asset of the bankruptcy estate and his principal residence; and

WHEREAS, on or about March 26, 2019, the Debtor filed his Second Amended Plan (the "Plan"); and

WHEREAS, on or about April 3, 2019, Prudential filed its Amended Objection to Confirmation of the Plan;

WHEREAS, in an effort to avoid the costs and risks associated with litigation, the Debtor and Prudential have negotiated and wish to enter into this Agreement; and

**NOW THEREFORE, IN CONSIDERATION OF THE FOREGOING, AND THE MUTUAL PROMISES, AGREEMENTS AND RELEASES CONTAINED HEREINAFTER, AND FOR OTHER GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND ADEQUACY OF WHICH IS HEREBY ACKNOWLEDGED, THE PARTIES, AND EACH OF THEM, INTENDING TO BE LEGALLY BOUND, AGREE AS FOLLOWS:**

1. <u>Recitals</u>. The foregoing recitals are confirmed by the Parties as true and correct and are incorporated herein by reference. The recitals are a substantive and contractual part of this Settlement.

2. <u>Settlement Effective Date</u>. The "Settlement Effective Date" is a date upon which this Settlement is fully executed.

3. <u>Withdrawal of Objection to Confirmation and Allowance of Claim</u>. In exchange for Prudential withdrawing, without prejudice, its Objection to Confirmation of the Debtor's Plan, the Debtor hereby consents and agrees that Prudential's Claim (the "Claim") is allowed as follows:

   a. A fully secured, properly perfected first priority mortgage lien on the Property in the amount of sixty four thousand, one hundred thirty six dollars and forty seven cents ($64,136.47) plus post-petition interest at five and one half percent (5.5%) interest for the life of the Plan totaling approximately ten thousand, eight

hundred and twenty dollars and two cents ($10,820.02) for a total claim of seventy four thousand, nine hundred and fifty six dollars and forty nine cents ($74,956.49).

4. <u>Acknowledgment of Liability and Accrual of Interest</u>. The Debtor acknowledges that he is obligated to pay the Claim and that that interest will continue to accrue post-petition pursuant to 11 U.S.C. § 506(b) on the Claim as it is paid down by distributions from the Chapter 13 Trustee and that there is no way to predict the pace at which the Chapter 13 Trustee will make distributions to creditors, therefore there may be a remaining balance for post-petition interest and/or fees and costs pursuant to the Note and Mortgage after the plan payments are completed under the Plan.

5. <u>Payment of Taxes</u>. The Debtor hereby acknowledges that he is solely responsible for the full, complete and timely payment of any and all taxes assessed on the Property (the "Tax Payments") and that if the Tax Payments are not timely made, it shall constitute a default under this Settlement.

6. <u>Terms of Loan Documents</u>. The Debtor hereby acknowledges and agrees that he is obligated under and bound by the terms of the Loan Documents and shall remain current with all obligations pursuant to the Loan Documents.

7. <u>Reservation of Rights</u>. Except as specifically set forth herein, Prudential shall retain all rights and remedies with regard to the collection of the debt owed to Prudential under the Loan Documents, within the bounds of applicable bankruptcy law, including, but not limited to the right to object to any Chapter 13 plan filed in the Debtor's bankruptcy case that is in any way inconsistent with this Settlement.

8. <u>Remedies</u>. Should the Debtor default on any obligations in this Settlement, or if the Debtor fails to remain current on (i) monthly Trustee payments under any proposed or

confirmed Plan or (ii) the Tax Payments for a period of ten (10) days or more, Prudential may give Debtor's counsel written notice of the default and, if the default is not cured within ten (10) calendar days of said notice, Prudential may file a Certification of Default and request for Order, with a copy to Debtor and Debtor's counsel, and the Court shall enter an Order granting Prudential relief from the automatic stay imposed by Section 362 of the Bankruptcy Code which relief shall be effective immediately in this bankruptcy case and shall remain effective in any future bankruptcy case filed by the Debtor.

       9.     <u>Release by the Debtor</u>.  Upon the occurrence of the Settlement Effective Date, the Debtor, on behalf of himself and his past, present and future partners, directors, officers, subsidiaries, affiliates, principals, agents, employees, partnerships, shareholders, members, administrators, representatives, predecessors, joint venturers, independent contractors, successors, assigns, insurers, and attorneys, do hereby fully, absolutely, and irrevocably release, remise, acquit and forever discharge Prudential and its respective predecessors, subsidiaries and affiliates, and his current and former managers, members, directors, officers, employees, independent contractors, attorneys, agents, sole proprietorships, representatives, successors and assigns, and all guarantors, partners, servants, contractors, professionals, administrators, trustees, owners, beneficiaries, assigns and heirs of any of them, in any capacity whatsoever (all of the foregoing, collectively the "Prudential Released Parties"), from any and all manner of actions, causes of action, suits, debts, accounts, contracts, agreements, controversies, judgments, damages, claims, liabilities, security interests and demands of any nature whatsoever, whether known or unknown, contingent or matured, direct or indirect, in law or in equity, asserted or which might have been asserted, which the Debtor ever had, now have or hereafter shall or may have against the Prudential Released Parties (or any of them) for, upon or by reason of any act,

transaction, practice, conduct, matter, cause or thing of any kind whatsoever that arose or occurred on or prior to the date of this Settlement, whether or not now known.

10. Operation and Effect. The release set forth in paragraph nine (9) above shall not discharge or relieve the Parties of their respective obligations pursuant to this Settlement.

11. Full and Final Releases. The Debtor and Prudential intend the releases given by the Debtor pursuant to paragraph nine (9) above to be a full and final release covering all claims and possible claims of any nature or description whatsoever and that such releases shall apply not only to such claims as are now known, suspected, anticipated or disclosed to or by the Debtor, as the case may be, but also to all such claims which are presently unknown, unsuspected, unanticipated, and undisclosed to or by the Debtor as the case may be, and which may have arisen prior to the date of this Settlement.M

12. Bankruptcy Court Approval. This Agreement is binding upon the Parties, and shall be subject to the entry of a final order of the Bankruptcy Court approving this Agreement and confirming a Plan of Reorganization that contains terms consistent with this Settlement.

13. No Reliance. Each of the Parties hereto represents, warrants and agrees that in executing and entering in to this Settlement, such Party: (i) has been represented by legal counsel, has reviewed this Settlement with such counsel, and fully understands the binding legal effect of this Settlement; and (ii) is not relying and has not relied upon any representation, promise or statement made by anyone which is not specifically recited, contained or embodied in this Settlement. debtor

14. Predecessors, Successors and Assigns. This Settlement shall be binding upon and inure to the benefit of the Parties hereto and their heirs, executors, administrators, predecessors, trustees, successors and assigns.

15. <u>Authorization</u>. The Parties hereto represent and warrant that each of them is authorized and of full capacity to make, execute and deliver this Settlement. Each person signing this Settlement on behalf of a Party acknowledges, warrants and represents that (i) this Settlement is legal, valid and binding and enforceable in accordance with its terms against such Party hereto; (ii) each such Party or person has all requisite legal, partnership, corporate or other applicable authority to execute and deliver this Settlement and any other documents or agreements required hereunder, and each of them has all requisite legal, partnership, corporate or other applicable authority to act on behalf of the Party for which each is signing and to bind such Party to the terms and conditions of this Settlement; (iii) each such Party or person has obtained any approvals or consents and taken any partnership, corporate or other applicable actions that are necessary for the authorization, execution, delivery and performance of this Settlement, other than as specified herein; and (iv) this Settlement and the payments as set forth in this Settlement do not violate any other contractual obligations of the Parties to any third party. Notwithstanding any other provision of this Settlement, the representations and warranties set forth in this paragraph shall survive the completion of this Settlement.

16. <u>Integration and Modification</u>. This Settlement and the obligations set forth in the Order approving the Settlement constitute and are intended to constitute the entire agreement of the Parties concerning the releases and other obligations which are the subject matter hereof. No covenants, agreements, representations or warranties of any kind whatsoever have been made by any Party hereto, except as specifically set forth herein. All prior discussions and negotiations with respect to the releases which are the subject matter hereof are superseded by this Settlement. No subsequent alteration, amendment, change, modification or addition to this Settlement shall be binding unless reduced to writing and signed by the Parties hereto.

17. **Choice of Law.** The Parties agree that this Settlement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania and applicable provisions of Title 11 of the United States Code and the Bankruptcy Court shall retain jurisdiction to determine any disputes arising out of this Settlement.

18. **Counterparts; Telecopy Signatures.** This Settlement may be executed in one or more counterparts, each of which shall be deemed an original for all purposes, and all of which taken together shall constitute one and the same instrument. The delivery of a telecopy, PDF or facsimile signature by any Party hereto shall have same legally binding effect as the delivery of an original signature.

19. **Notices:** Notices under this Settlement shall be given to the Parties at the following addresses (or such other address as a Party may designate in writing), by hand delivery or by certified United States mail, postage prepaid, and shall be effective upon receipt:

If to Prudential:  
OBERMAYER REBMANN MAXWELL & HIPPEL LLP  
Attn: Michael D. Vagnoni, Esquire  
Centre Square West, Suite 3400  
1500 Market Street  
Philadelphia, PA 19102  

If to the Debtor:  
LAW OFFICES OF DAVID J. AVERETTE, P.C.  
Attn: David J. Averette, Esquire  
7719 Castor Avenue  
Philadelphia, PA 19152  

AND  

Thomas F. McMonagle, III  
2819. Edgemont Street  
Philadelphia, PA 19134  

20. **Headings.** The headings set forth in this Settlement are inserted for convenience of reference only and are to be ignored in any construction of the provisions hereof.

21.     Further Assurances. From and after the execution hereof, each Party agrees to cooperate with one another in carrying out the terms of this Settlement including but not limited to the execution, with acknowledgement or affidavit if required, of any and all documents that may be reasonably necessary or expedient to effectuate this Settlement and to achieve its purposes.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

Intending to be bound by the terms of this Settlement, we have affixed our signatures below.

PRUDENTIAL BANK

By: _____
   Nicholas A. DiGianivittorio, Sr.
   First Vice President
   Credit Administration

Dated:

PRUDENTIAL BANK

By: _____
   Michael D. Vagnoni, Esquire
   Attorney for Prudential

Dated: 12/31/19

THOMAS F. MCMONAGLE, III (DEBTOR)

By: _____
   Thomas F. McMonagle, III
   Debtor

Dated: 12/30/19

THOMAS F. MCMONABLE (DEBTOR)

By: _____
   David J. Averett, Esquire
   Attorney for Debtor

Dated:

Consented and Agreed to by:

WILLIAM C. MILLER, ESQUIRE
CHAPTER 13 TRUSTEE

By: _____
   William C. Miller, Esquire

Dated: